**BLOUNT BROTHERS CORPORATION,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 77–1730.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 31, 1978.

Decided Feb. 15, 1978.

Francis E. Hickey, Peter DeBruyne, Rockford, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, John G. Elligers, N.L.R.B., Washington, D. C., for respondent.

Before SWYGERT, TONE and BAUER, Circuit Judges.

PER CURIAM.

This decision is published only because we are advised the National Labor Relations Board's order has been or will be published. Reference is made to that order for a full statement of the facts.

The order of the Board is found to be unreasonably broad under the principles stated in *NLRB v. Express Publishing Co.*, 312 U.S. 426, 433, 435, 61 S.Ct. 693, 85 L.Ed. 930 (1941). The unfair labor practice found was, so far as the record shows, an isolated incident involving one of 1,000 employees who were represented by several unions. There was no evidence of a history of other unfair labor practices of any kind or anti-union animus on the part of the employer. There is, therefore, no basis in the record for the Board's sweeping order prohibiting conduct directed at other unions and prohibiting violation of § 7 of the Act "in any other manner," or any justification for an order duplicating the prohibitions of the statute and making them enforceable by contempt proceedings in this court.

Accordingly, the cease and desist paragraph of the order, paragraph 1, is modified by deleting the words "or any other labor organization" from subparagraph (a) and substituting the words "like or related" for the word "other" in subparagraph (b). As modified, paragraph 1 of the order will order that petitioner

Cease and desist from:

(a) Discouraging membership in Carpenters Local No. 792, affiliated with the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, by discharging employees, or otherwise discriminating in any manner in regard to their hire or tenure of employment or any terms or conditions of employment.

(b) In any like or related manner interfering with, restraining, or coercing its employees in the exercise of rights guaranteed in Section 7 of the Act.

The notice required by the Board is similarly modified. Its text, as modified, will read as follows:

After a trial in which all parties had the opportunity to present their evidence, it has been decided that we violated the law by discharging DAVID CHILSON. We have been ordered to post this notice. We intend to carry out the order of the Board and abide by the following:

WE WILL NOT discharge or in any like or related manner discriminate against any employee to discourage membership in CARPENTERS LOCAL NO. 792, AFFILIATED WITH THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL-CIO.

WE WILL offer DAVID CHILSON reinstatement to his old job, or, if such job no longer exists, to a substantially equivalent job, and make him whole, with interest, for loss of pay resulting from his discharge.

ENFORCED AS MODIFIED.